AMBROSIO ANGLERÓ ET AL., Plaintiffs and Appellants, *v.* LUIS C. TRIGO ET AL., Defendants and Appellees.

No. 6442. Argued January 24, 1935.—Decided February 28, 1935.

*V. Géigel Polanco* for appellants. *J. M. Calderón* and *Virgilio Brunet* for appellees.

Mr. Chief Justice Del Toro delivered the opinion of the court.

Several workmen brought, in the Municipal Court of San Juan, an action under Acts No. 10 of 1917 (Session Laws, Vol. II, p. 216) and No. 73 of 1931 (Session Laws, p. 458), to recover certain wages from Luis C. Trigo and Julián Angleró.

The municipal court rendered judgment on April 20, 1933, dismissing the claim as to Trigo and sustaining it as to Angleró.

A copy of the judgment appears in the transcript and is followed by that of the notice thereof served on the losing party with an entry of its filing on April 25, 1933; then comes the notice of appeal filed by the plaintiffs on the same day, April 25, 1933, with no record of its having been served on the defendant Trigo; and then appears the certificate of the clerk of the municipal court as to the authenticity of the record.

The transcript having been filed in the district court, the defendant Trigo appeared on June 8, 1933, to request that the appeal be dismissed, among other reasons, because it was taken after the time for appeal had expired, and because the notice of appeal was not served on the defendant Trigo nor on his attorney or his attorney in fact. On June 14, 1933, the plaintiffs presented an affidavit of Antonio Linares, the pertinent part of which reads as follows:

"1.—That I am of legal age, married, a messenger of the Department of Labor and resident of this city.

"2.—That on April 25, 1933 I received from Vicente Géigel Polanco, Attorney for the Department of Labor, the notice of appeal in the case of Ambrosio Angleró et al. v. Luis C. Trigo and Julián Angleró, brought before the Municipal Court of San Juan, Second Section, Civil No. 15,762, a claim for wages, and that I also received two copies of said notice for delivery, one to Mr. Virgilio Brunet, attorney for the defendant Julián Angleró, and the other for Mr. J. M. Calderón, Jr., attorney for Luis C. Trigo, and in case the attorney for the latter should not be found in his office I was instructed to deliver it to the defendant Luis C. Trigo in his office in the Department of Justice.

"3.—That I delivered one of the copies of the notice of appeal to attorney Virgilio Brunet; that attorney J. M. Calderón was not in his office and then I went to Mr. Trigo's office, in the Department of Justice; that Mr. Trigo's secretary or stenographer informed me that he was absent on official business and then I delivered a copy of the said notice of appeal to the aforesaid young lady on April 25, 1933, about 3 p. m."

The question raised having been submitted to the decision of the district court, the latter held that from the testimony of the person in charge of making service it appeared that the same was not made in accordance with the law because there being an attorney service was not made on him, and because even if the party could have been personally served, notice was not given in that case in conformity with the provisions of section 320 of the Code of Civil Procedure, and dismissed the appeal.

██ The plaintiffs felt aggrieved by that decision and appealed to this court. They maintain that, as a simple, gratuitous, and summary proceeding established by the Legislature for the benefit of the working class is involved, and as a substantial compliance with the statute was had, a strict observance of the general provisions of the Code of Civil Procedure should not be demanded, in order to defeat the appeal.

Section 8 of the special act invoked—No. 10 of 1917 (Session Laws, Vol. II, p. 216)—provides:

"Section 8.—That any of the parties who may believe himself prejudiced by the judgment may take an appeal to the district court for the judicial district in which the municipal trial court is situated.

"The appeal shall be taken by filing with the secretary of the municipal court within two days after the rendition of judgment a notice setting forth the intention of appealing and by delivering a copy of the said notice to the opposing party or to his representative or attorney."

It establishes nothing more and it seems natural that recourse should be had to the general provisions of the Code of Civil Procedure in order to regulate the form in which service is to be made. Applying those provisions it appears indeed that service was not made in accordance with the law.

There was an attorney is this case. The notice should have been served on him, and not having been so served, the dismissal of the appeal was proper. "Where an adverse party has an attorney and notice of the appeal is served on the party and not on the attorney, such fact is sufficient ground for dismissing the appeal." It was so held in *Jusino* v. *Masjuán,* 46 P.R.R. 484, following the decision in *Zaragoza et al.* v. *López,* 16 P.R.R. 788, and the jurisprudence of California. 2 Cal. Jur. 344.

Even if service on the party were permissible, it would always appear that service was not made as prescribed by law.

█ The appellees insist that there is besides another fundamental reason for dismissing the appeal, and that is that the same was taken after the expiration of the term fixed by law. They are right, in our opinion.

As we have seen, the law on the subject prescribes that the appeal shall be taken by filing the notice of appeal with the secretary of the municipal court within two days from the rendition of the judgment and not from the date on which a notice of the judgment is entered in the record of the case.

Already this court, in construing the Unlawful Detainer Act, in *Ramírez* v. *Pérez*, 25 P.R.R. 214, 217, has said:

"But there is still a stronger reason for dismissing the appeal. The appellee computes the period from April 2 when, according to him, notice of judgment was given, and not from March 30, the day on which the judgment was rendered and entered. The reason is that the appellee acted in the belief that section 2 of Act No. 70 of 1911 is applicable to actions of unlawful detainer, when this is not really the case."

See the cases of *Cartagena* v.-*Dávila*, 32 P.R.R. 251; *Barbosa et al.* v. *Fernández*, 28 P.R.R. 283, and *Figueroa et al.* v. *Sepúlveda*, 24 P.R.R. 645.

As we have already said, judgment was rendered in this case on April 20, 1933, and it was not until the 25th, when the two-day period fixed by law had already elapsed, that the notice of appeal was filed.

The judgment appealed from must be affirmed.